Doris W. Wolfe, Appellant, v. Roscoe B. Wolfe, Appellee.

Gen. No. 40,769.

Heard in the first division of this court for the first district at the June term, 1939. Opinion filed January 22, 1940.

DEMING, JARRETT & MULFINGER, of Chicago, for appellant.

JOHN H. LYLE, of Chicago, for appellee; P. F. MURRAY and BERTEL JONSON, both of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff appeals from an order dismissing her petition seeking a rule on defendant to show cause why he should not be adjudged in contempt of court for failure to pay for the support of their minor child in accordance with the provisions of a divorce decree.

It appears from the petition, filed January 20, 1939, and the record, that January 26, 1928, a divorce decree was entered which provided that plaintiff have custody and that defendant pay plaintiff $25 a week for the support and maintenance of their child, Sheldon

Burton Wolfe, then less than three years old, during his minority; that on April 11, 1928, the decree was modified in that defendant was ordered to pay $15 a week instead of $25; the petition alleges that there has been no further modification of the decree since April 11; that plaintiff has had the custody and care of the child since the entry of the original decree and that on January 4, 1939, defendant owed plaintiff $876.25 for the maintenance and support of the child under the decree as modified; that the child is now 13 years old; that plaintiff is working and makes $18 a week, which is insufficient to support herself and son; that defendant is employed and is well able to pay the $15 per week; that since the entry of the decree defendant has remarried, and since the alleged defaults has adopted a child; the petition prays that a rule be entered requiring defendant to show cause why he should not be punished for failure to comply with the decree as modified.

The answer of defendant states that plaintiff was married on the next day after the divorce decree was entered; admits that on April 11, 1928, the decree was modified by order of court to $15 a week, but denies there has been no further modification; states that on June 1, 1934, defendant's income being $45 a week and he having been remarried and supporting his wife, he entered into an agreement with plaintiff to the effect that the money for the support of their minor child be reduced from $15 to $12.50 a week; that defendant has paid $12.50 per week from June 1, 1934, in accordance with this agreement, which sum was considerably in excess of the amount actually expended by plaintiff for the support and maintenance of the child; the answer denies that plaintiff has had the custody of the child since the entry of the original decree, but states that about January 1, 1934, plaintiff and the child went to live with the mother of defendant and the child was cared for by her until about

November 1, 1938, during which time the child's grandmother contributed to, cared for and had custody of the child, except those evenings when plaintiff returned home from her employment.

The answer denies that January 4, 1939, he owed plaintiff $876.25 or any other sum for the maintenance and support of the child.

The answer admits defendant is employed but denies that he is well able to pay $15 per week for support of the child; states that the reason plaintiff filed the instant petition was the fact that the present wife of defendant desired to adopt a child, and that when plaintiff learned of this she filed the petition to harass defendant; that when the parties were first separated he voluntarily paid plaintiff $50 a week for the support of plaintiff and child as long as he was able; that after entry of the decree he paid $25 a week for the child's support as provided for in the decree; that when he became unable to pay $25 a week because of diminished income the court modified the decree to $15 per week; that when his income was further diminished the modified agreement between the parties of $12.50 per week became operative, and has been paid to plaintiff and accepted by her without complaint.

The cause was presented to the court on the petition and answer and the testimony of defendant as to his earnings which did not indicate any improvement in his financial condition. The trial court was of the opinion that when plaintiff agreed to accept $12.50 a week and made no complaint nor asked for a rule to show cause why defendant should not be held in contempt, she indicated her consent to the reduced amount, and dismissed her petition.

We hold that the court made the proper order and it would be unjust to hold defendant in contempt when plaintiff had for five years, without protest, accepted the reduced amount. Another circumstance to be considered is that from about January 1, 1934, to Novem-

ber 1, 1938, the child was cared for and lived with the mother of defendant, during which time the grandmother contributed to the support of the child.

Plaintiff argues that no oral agreement to accept a reduced amount for the support of the minor child is valid unless it receives the sanction of the court, and cites *Walter v. Walter,* 189 Ill. App. 345. In that case the parties, without application to the court, entered into an agreement adjusting past and future alimony in consideration of the assignment by the husband to his former wife of a policy of insurance on his life and his agreement to pay the premiums; he failed to pay these and the policy was surrendered to the insurance company; we held that under such circumstances, where the husband had failed to keep his agreement, the wife could properly apply to the court for an order on the husband to continue to pay alimony.

It should be remembered that in the instant case all of the agreements by defendant to pay have been observed and there is no default in this respect. In *Cavenaugh v. Cavenaugh,* 106 Ill. App. 209, where the parties, without applying to the court, agreed to a reduction of the monthly alimony from $40 to $25, the husband made these payments for some time but later discontinued making them, and the former wife applied to the court to enforce the payments; the husband maintained that the contract with his former wife was in full satisfaction of any claim of alimony; the court said the agreement for the reduced amount was not an independent contract but merely a consent in the reduction in the amount of the alimony and that the wife had a right to accept the lesser amount in satisfaction of the amount awarded by the decree, and held that the court had full power to enforce the agreement between the parties.

There is no question involved here of the failure of defendant to make the payments as agreed upon with his wife, and as the trial court remarked, when

plaintiff accepted these payments for a period of five years, equity and justice would seem to deny her any right to complain to the court unless it should be made to appear that the financial condition of defendant had so improved that he should be ordered to pay the amount provided for in the original decree. No such showing has been made. In fact, it appears that the financial condition of defendant has grown worse instead of improved.

Under all the circumstances we think the trial court's ruling is correct, and the judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.