(No. 32368.—

GEORGE CLIFFORD DILL, *vs.* LOU JACKSON WIDMAN, Appellant.—(ANNIE BIDDLE *et al.,* Appellees.)

*Opinion filed Nov. 20, 1952—Rehearing denied January 19, 1953.*

Harry L. Pate, of Tuscola, (William C. Wines, of Chicago, and Murray F. Milne, of Springfield, of counsel,) for appellant.

Nichols & Jones, of Tuscola, (Fred H. Kelly, of Mattoon, of counsel,) for appellees.

Mr. Justice Hershey delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Douglas County in a partition proceeding excluding appellant, Lou Jackson Widman, from all participation in the estate of her deceased husband, Berger W. Widman. The estate consists, in great part, of realty. Mrs. Widman, having elected to take a fee in one third thereof, now appeals to have that fee decreed to her. A freehold being necessarily involved, the appeal comes here directly.

Berger W. Widman was a resident of Newman, Illinois, and died .testate on August 29, 1949. He was survived by his widow, appellant, a daughter, Annie Biddle, and seven grandchildren. One daughter, Ella Dill, and his first wife, the mother of his two children, preceded him in death.

The will of Widman was admitted to probate September 26, 1949, and on that same date the widow filed a renunciation thereof. By the terms of this will he bequeathed all of his property to his children and grandchildren. In the fourth paragraph of the will he stated that no provision was made for his wife, for the reason that she had been provided for by a postnuptial contract executed in 1935, whereby he deeded to her about 111 acres of land which she agreed to accept in "full settlement of any and all interest she might have as my said wife in my estate."

George Dill, a grandson of testator, filed a complaint, later amended, for the partition of certain real estate belonging to the testator. Appellant filed an election to waive dower and take a fee in one third of this real estate, and filed an answer and counterclaim to the amended complaint. Annie Biddle and the remaining grandchildren, defendant-appellees, filed a counterclaim by which they sought to exclude Mrs. Widman from participation in the estate because an executed postnuptial agreement existed between her and the testator.

Upon hearing, the master and the chancellor found the agreement between testator and his wife to be established, and that it should be enforced. Hence, it was decreed that Lou Jackson Widman should have no interest in her husband's estate.

Appellant and testator were married on April 10, 1935. It is undisputed that on December 11, 1935, testator deeded to appellant about 111 acres of land situated two miles east of Newman and known as the home place. It was

recited in the deed that the consideration for the conveyance was one dollar, love and affection, and other good and valuable consideration. On December 18, 1935, she deeded back to the testator a life estate in the same property employing identical language of consideration.

It is the contention of the defendant-appellees that the deed from testator to Mrs. Widman was executed as part of an oral agreement then entered into between them. By this agreement, it is alleged, appellant agreed to accept and did accept a conveyance of about 111 acres, in lieu of all claims or interest in, to, or against the estate of her husband.

It is first incumbent on this court to determine just what claim or interest appellant might have in the estate of her husband. We have previously found that under the law as it existed in this State in 1949, the surviving spouse was given, in the first instance, dower, and the fee descended to the decedent's children encumbered with a right existing in the spouse either to perfect dower or to permit the barring of that right, by which she became vested with a fee in one third of the real estate. Hence, during coverture, a wife had only an imperfect right to dower which she could perfect or permit to become barred. (*Bruce v. McCormick,* 396 Ill. 482.) It is clear then that prior to her husband's death, Lou Jackson Widman had a statutory interest commonly referred to as an inchoate right of dower in her husband's property as the only thing she could release or convey.

In her answer to the counterclaim of defendant-appellees, Mrs. Widman specifically denied the contract with her husband. Section 2 of the Evidence Act (Ill. Rev. Stat. 1951, chap. 51, par. 2,) declares parties to a civil suit incompetent to testify when the adverse party sues or defends as an heir or devisee of a decedent. (*Mann v. Mann,* 270 Ill. 83; *Weinebrod v. Rohdenburg,* 343 Ill. 318.) Appellant was, therefore, incompetent to testify in this case to any transactions between herself and her husband,

since plaintiff and defendant-appellees sue and defend as devisees of the testator. Her testimony denying the alleged agreement could not properly be considered by the court.

Testator's will was first offered in evidence generally as plaintiff's exhibit No. 7. Defendant-appellees, Annie Biddle *et al.,* waived identification of that exhibit and asked to have it considered as their exhibit G. Mrs. Widman also waived identification and joined in its offer as her exhibit No. 107. Thus, she offered the will generally and without restriction as her own exhibit. Where no restriction is placed upon the purpose for which an exhibit is received, it becomes general evidence, and the party offering it can never be heard to say that it is not evidence of the facts stated therein. (*Morris* v. *Central West Casualty Co.* 351 Ill. 40.) Moreover, a will is admissible as evidence of, and in connection with, the proof of an agreement to which it refers. (*Alward* v. *Woodard,* 315 Ill. 150.) The will of Widman, being generally admitted as an exhibit, is proper evidence in proof of the agreement referred to in its fourth paragraph. It is proper evidence of the facts referred to within that paragraph and no competent evidence in this record in any manner refutes the statement of the testator in paragraph four of his will.

During the course of the hearing before the special master, Kent Morrow, cashier of the State Bank of Newman, testified that he accompanied Mrs. Widman and Warren Biddle, executor of the estate and a defendant-appellee here, to the bank shortly after testator's death for the purpose of opening the bank box. He related that just before the box was opened, appellant said, "I know what is there. We had our agreement right after we were married, and I am satisfied." He explained that "we" referred to appellant and her deceased husband. Morrow also said that when the will was read aloud in her presence, appellant made no comment and failed to deny the contract set forth in the fourth paragraph thereof.

Warren Biddle, on being called to the stand, testified that while he was at the bank with appellant and Morrow, and before the box was opened, Mrs. Widman stated "There is nothing in it for me, I had my part, and I am satisfied." After the will was read she made no comment.

Kent Morrow was certainly a distinterested witness, and his testimony lends substantial support to the assertions in the will. Warren Biddle is executor, heir, defendant-appellee, and, hence, an interested party. His testimony, however, is so similar to that of Kent Morrow in describing the same occurrence, that it is worthy of greater consideration than it might be normally accorded. These statements of Mrs. Widman indicate that such an agreement existed, and in the general form set forth in the will. Appellant, herself, indicated exactly what the will contained with reference to her, prior to the opening of the bank box and the reading thereof. This raises an inference that she knew and could only have known because she and her husband had executed such an agreement.

Helen Lampe, a granddaughter of testator and a defendant-appellee, and her husband, William Lampe, testified that a few days after decedent's funeral and after the will had been obtained from the bank they had a conversation with appellant. When questioned about what she received under the will appellant replied, "Your grandfather took good care of me and I got my part and I am satisfied."

W. C. Booton, an insurance man of Newman, testified that he called on Mrs. Widman shortly after her husband's death to inquire about changing the insurance policies to the executor. She then informed him the 111-acre tract was hers and she was satisfied.

Having received nothing under the will, the only thing appellant could have referred to when stating her husband took good care of her was the deed to the 111 acres. Her statements of satisfaction indicate that she had given up

any thought of claim against her husband's estate. These statements certainly indicate an agreement of some kind. The only objection by appellant was that the testimony of Morrow, Booton and Helen Lampe was immaterial. The court overruled this objection and no error is claimed on the ruling. All evidence tending to prove the material facts, or any of them, in a case is admissible, although it may not alone establish the whole case. (*Slack* v. *McLagan,* 15 Ill. 242; *Central Railway Co.* v. *Allmon,* 147 Ill. 471.) Mrs. Widman failed to deny any of these statements attributed to her though she was perfectly competent and had every opportunity to do so. The first exception to section 2 of the Evidence Act (Ill. Rev. Stat. 1951, chap. 51, par. 2,) provides that a party or interested person may testify to facts occurring subsequent to the death of a deceased person. These statements attributed to Mrs. Widman subsequent to the death of her husband stand uncontradicted. Where the testimony of a witness is uncontradicted, either by positive testimony or circumstances, and is not inherently improbable, it cannot be disregarded but must be considered with all the other evidence. *Kelly* v. *Jones,* 290 Ill. 375; *Porter* v. *Industrial Com.* 352 Ill. 392.

The silence of appellant when the will was read aloud in her presence may be taken as evidence of an admission of the truth of the asserted contract between her and the testator. The rule is well recognized that admissions may be implied by silence when the circumstances are such as not only afford an opportunity to act or speak, but also properly and naturally call for action or reply by persons similarly situated. (*Bell* v. *McDonald,* 308 Ill. 329.) Certainly, Mrs. Widman had an opportunity to deny the language of the fourth paragraph when read, and it was certainly such a statement as would naturally evoke a denial from anyone in a like position. One does not ordinarily sit idly by when it is asserted that he is a party to an agreement affecting his material worth, unless it is true.

The statements of Mrs. Widman as presented here in uncontradicted fashion, her silence when the will was read, taken with the will as offered in evidence by her indicate that such an oral contract existed. It is admitted that appellant holds about 111 acres of land by deed of December, 1935, thus constituting a completely executed contract.

The contract as here evidenced was eminently fair to Mrs. Widman. It is shown by the stiplation entered into between all these parties that the 111 acres received by appellant under the terms of the contract constituted considerably more than one third of the property owned by the testator in December of 1935 when the contract was executed. By the same stipulation it is indicated that the 111 acres also is slightly more than one third of the total of the real estate owned by testator at his death plus the 111-acre tract. One third is all the interest she could have enjoyed in the estate had no such agreement ever been executed.

The question presented to this court is whether Mrs. Widman could, in this manner, contract away her right to inchoate dower. It is, however, unnecessary for us to determine whether a right to inchoate dower may be contracted away or released by parol for the reason that in this case appellant is estopped to deny the contract. The doctrine of equitable estoppel may apply not only when the right to dower has vested upon the spouse's death, but also when the question is raised as to the inchoate right of dower. (*Krueger* v. *Groth,* 190 Wis. 387; citing *Rosen* v. *Tackett,* 222 Mich. 673, and *Townsend* v. *Woodworth,* 185 Iowa, 99; 2 Tiffany, Real Property, 424, chap. 10, sec. 533.) The general rule is that where a party by his statements or conduct leads another to do something he would not have done but for the statements or conduct of the other, the one guilty of the expressions or conduct will not be allowed to deny his utterances or acts to the loss or damage of the other party. The party claiming.

the estoppel must have relied upon the acts or representations of the other and have had no knowledge or convenient means of knowing the true facts. Fraud is a necessary element but it is not essential that there be a fraudulent intent. It is sufficient if a fraudulent effect would follow upon allowing a party to set up a claim inconsistent with his former declarations. (*Bondy* v. *Samuels,* 333 Ill. 535.) It is established that appellant and her husband entered into an agreement wherein she promised to give up all claim to, or interest she might have in, his estate, and, in consideration for such promise and in reliance thereon, he conveyed to her about 111 acres of land by deed absolute. It was only in reliance upon the representations of Mrs. Widman that testator deeded her this land. To now allow her to claim a right to dower is to permit her to repudiate her contract while still retaining the consideration therefor. Such action on her part, if permitted, would certainly have a fraudulent effect. It is the very purpose of equitable estoppel to prevent fraud and injustice. (*Trustees of School* v. *Village of Cahokia,* 357 Ill. 538.) Testator never intended, nor did their agreement sanction, her holding 111 acres by virtue of the deed and one third of the remaining real estate in fee by her election to waive dower. Having received and held that property under the agreement, she is estopped to question the validity of that agreement.

The estoppel here operates in favor of the appellees who are the heirs of the testator, a party to the agreement. It is a general rule that estoppels may operate between parties and their privies, either in blood, in estate, or in law. (31 Corpus Juris Secundum 397.) Appellant is thus estopped to deny the validity of the agreement and is properly excluded from participation in the estate of Widman. Accordingly, the decree of the circuit court of Douglas County is affirmed.

*Decree affirmed.*