JAMES C. GREEN, Plaintiff-Appellant, v. SHIRLEY J. GREEN, Defendant-Appellee.

(No. 73-370;

Fifth District—August 8, 1974.

Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis (Rex Carr, of counsel), for appellant.

Malcolm D. Durr and James R. Heil, both of Alton, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal by the plaintiff husband from an order of the Circuit Court of Madison County awarding a judgment to the defendant wife for past-due alimony and child support. Appellant contends that equitable principles require the setting aside of such judgment because the circumstances show that his default and arrearage in payments were beyond his control. He also contends that the court's interpretation of certain portions of the original support order was incorrect.

A full understanding of the issues necessitates a detailed summary of the background of facts and pleadings leading up to the judgment in question. Following a complaint for divorce filed by her husband, defendant wife filed a counterclaim for separate maintenance and a petition for temporary alimony and child support. Based on an agreement between the parties the court entered his own hand-written order on April 6, 1972, providing, among other things, that the husband pay to the wife as and for temporary child support and alimony the sum of $200 per week beginning April 10, 1972, and further, that he should "pay all household expenses and utility payments."

In February 1973, the wife filed a petition for citation seeking to hold her husband in contempt for failure to comply with said order, and requesting a judgment for the amount he was in arrears, plus attorney fees and court costs. On April 9, just prior to the hearing on the citation petition, the husband filed a petition to modify the original order, requesting a reduction in his support and alimony payments because of a drastic reduction in his income, and further asking for an interpretation of that portion of the order referring to payment of household and utility expenses. The court refused to hear the petition to modify, stating it would be set for a later time, and then proceeded with the hearing on the citation. Mrs. Green testified that her husband was in arrears $3200

in weekly payments and that he had not paid any household or utility expenses. These latter expenses she interpreted to mean mortgage payments, house and individual insurance policy premiums, repairs, utility bills, donations, vacations, books, magazines, etc., and she estimated them to be $1072 per month. Mr. Green did not testify but from his answers to interrogatories previously filed in the case it was apparent that at the time of the original order he was making $600 per week. However, within 5 days after the entry of this order his company was placed in receivership, causing him to lose not only his income but all of his assets. His counsel admitted that since plaintiff made no effort to seek a modification of the order his wife probably did have a vested right to the unpaid support money at the rate of $200 per week, but he argued that she was not entitled to household and utility expenses as that provision was intended to apply only to such expenses due at the time the order was entered and not to future expenses, and certainly not to expenses of the type enumerated by Mrs. Green. The court commented that the order relative to these expenses appeared to him to be ambiguous and that he was concerned with what it really meant. However, after a recess, the court announced from the bench that having considered all of the testimony, and the answers to the interrogatories as well, he found that the evidence supported an arrearage of $3200 in weekly payments and $10,720 in household expenses, or a total of $13,600 up to the date of filing of the petition for citation. He then stated that, "* * * the court enters judgment for defendant and against plaintiff for said amount." In addition, the court found that the failure to pay household expenses was not wilful, but that the failure to pay the weekly amounts was wilful, and plaintiff was sentenced to serve 7 days in the county jail. Further, the clerk was directed to set a date for a hearing on plaintiff's petition to modify and also a date for a hearing of the case on its merits.

These pronouncements from the bench show up on the docket for April 9, 1973, as follows:

"Hearing held on Pet. for Citation filed on Feb. 2, 1973. Parties and attorneys present and ready. Witnesses sworn. Testimony presented. (Tape 144—side 2) Order entered. See Order. A. Greenwood."

The order referred to, hand-written and signed by the judge, is also dated April 9, 1973, and reads as follows:

"Hearing held on Pet. for Citation filed Feb. 2, 1973, court finds:

(1) Arrearage owed by Plaintiff to Defendant as of date of Pet. for Cit. Feb. 2, 1973 to be $13600.00.

(2) Judgment should be entered for Defendant against Plaintiff for $13600.

(3) Defendant's request for Atty Fees and Costs reserved.

(4) Plaintiff in wilful contempt for failure to pay as ordered and specifically the wilfulness in paying only $100/wk. rather than 200.00/wk. as ordered.

(5) Plaintiff in technical contempt but not wilful for failure to pay the household expenses of defendant.

Wherefore it is Ordered:

A. Defendant jailed in Madison Co., Ill. Jail for 7 days as punishment for his wilful contempt.

B. Atty Fees and costs are reserved until final hearing.

C. Clerk to set Pet. to Modify and case on merits on next available setting.

(Clerk to send Copies to Attys P. Theis and M. Durr.)

Arthur L. Greenwood

Associate Circuit Judge"

In compliance with this order Mr. Green was confined to the county jail for 7 days. Then, on April 26, Mrs. Green filed another petition seeking to hold her husband in contempt again for failing to pay the arrearage of $13600 above mentioned.

On May 11, 1973, plaintiff husband filed the following:

1) Amended petition to modify the original support order of April 6, 1972.

2) Motion to set aside the judgment of April 9, 1973, finding him in arrears in the amount of $13600.

3) Answer to petition seeking to hold him in contempt again.

4) Amended answers to interrogatories, setting out his financial status and income.

On May 30, and continuing on July 3, 1973, the court heard evidence offered by the parties in support of defendant's second petition for citation, and in support of plaintiff's motion to set aside the arrearage judgment of April 9, 1973, and in support of his amended petition to modify the original support order of April 6, 1972.

On July 10, 1973, having taken the matter under advisement, the court entered its written order with directions to the clerk to mail copies to counsel. This order found that plaintiff had failed to prove that he was legally entitled to set aside the arrearage judgment of April 9, but that he did prove changed circumstances sufficient to justify a modification of the original support order. It then ordered that the arrearage judgment of April 9 remain in full force and effect; that judgment be entered against plaintiff for additional arrearage of $5036. This sum represented cash payments due at a rate of $200 per week from April 9 to July 3 and household payments due at rate of $1072 per month for 3 months,

or a total of $5616 less $580 actually paid by plaintiff during that time. In addition, it ordered a modification of the original support order, and provided that henceforth plaintiff should pay $100 per month for child support and $200 per month for alimony until the further order of court. It is from this order that the present appeal has been taken.

Plaintiff argues that the trial court erred in refusing to set aside the April 9 arrearage judgment of $13600, and in entering the additional judgment of $5036 on July 10, citing the undisputed evidence of his financial inability to pay such sums. He cites several cases to the effect that an aggrieved party has a right to appeal from an order allowing temporary alimony and support, and that a court of review should reverse where the record is insufficient to prove that the financial ability and circumstances of the husband are such that he is unable to pay the amount ordered. (*Dejoie v. Dejoie*, 6 Ill.App.3d 381; *Rabin v. Rabin*, 57 Ill.App.2d 193; *Micelli v. Micelli*, 45 Ill.App.2d 159.) We agree with this principle but find it inapplicable here. Each of the cases cited involves a direct appeal from the order making the award, whereas in the facts before us the award went unchallenged for several months during which time the plaintiff on his own initiative either totally refused to comply or chose to pay less than ordered. This, of course, cannot be condoned, nor can plaintiff expect any redress. It is well established that past-due installments of alimony and support money become vested, and, though a court has power to modify alimony and maintenance terms as to future payments, it has no such power to adjust or change any amounts past due. (*Needler v. Needler*, 131 Ill.App.2d 11; *Gregory v. Gregory*, 52 Ill.App.2d 262.) Applying this rule to the present facts we conclude that as to past-due cash installments of alimony and support payments there can be no adjustment in the terms of the original order of April 6, 1972. By his inaction plaintiff has brought his dilemma upon himself and neither the trial court nor this court on review has any power to change or alter the amount owed however improvident his action may have been in not seeking earlier redress. *Stark v. Stark*, 131 Ill.App.2d 995; *Slavis v. Slavis*, 12 Ill.App.3d 467.

However, we do note that in its order of July 10 the trial court found that plaintiff had proved changed circumstances sufficient to justify a modification of the original support order as to future payments, and it ordered such payments reduced to $100 per month for child support and $200 per month for alimony, which order was made effective as of July 3, the day the hearing thereon was concluded. From our review of the record we agree with this reduction, but we believe the reduction should have been made effective as of April 9, the day plaintiff filed his original petition for modification and which petition had

not previously been considered. As stated in *Needler v. Needler*, 131 Ill. App.2d 11, on a proper showing of changed conditions defendant is entitled to a modification from the date of his petition. Accordingly, we find that portion of the trial court's order of July 10 which assessed arrearage of $5036 from April 9 to July 3 was in error, and such judgment order is hereby modified by striking therefrom such award for arrearage.

Finally, though plaintiff's notice of appeal is from the trial court's order of July 10, he nonetheless devotes much of his argument to a challenge of the order of April 9 in which the first arrearage was assessed. He bases his right to question it on the fact that he filed a motion to vacate or modify it on May 11, and the court in its July 10 order did consider the motion, and, in effect, denied it by ordering that the arrearage judgment of April 9 remain in full force and effect. Defendant endeavors to answer this argument by calling attention to the fact that the motion was filed more than 30 days after the entry of the April 9 order. She argues, and it is the sole argument contained in her brief, that under the provisions of section 68.3 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 68.3) an order becomes final 30 days after its entry, and that the trial court therefore lost its jurisdiction, and had no authority to alter or amend such order, citing *Campo v. Clark Theater*, 123 Ill.App.2d 145. We agree with this rule and find that a properly entered order becomes final 30 days after its rendition and is not subject to modification by the trial court, nor, in the absence of a timely notice of appeal, is it reviewable on appeal. (*In re Estate of Ireland*, 132 Ill. App.2d 157.) Further, a motion to set aside cannot be considered as a petition under section 72 of the Civil Practice Act. *Martin v. Masini*, 90 Ill.App.2d 348.

However, we believe it pertinent to call attention to the fact that the order of April 9 does not appear to have been properly entered so as to come within the above rules. Supreme Court Rule 272 (Ill. Rev. Stat., ch. 110A, par. 272) provides:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record."

The Committee Comments state that the purpose of this rule is to remove any doubt as to the date a judgment is entered; that it applies to both law and equity; and that the distinction as to the effective dates

of a judgment at law and a decree in equity is abolished. It is also stated in the supplement to historical and practice notes that this rule identifies what is not a final judgment for purposes of appeal; that in the interim between the announcement of a final judgment in which the judges requires the submission of a form of written judgment and the actual signing of the written judgment the proceedings are in a state of temporary abeyance; that the announcement of the final judgment cannot be attacked by motion, cannot be appealed from, and cannot be enforced.

A number of cases have likewise interpreted this rule. In *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.*, 2 Ill.App.3d 524, a judgment was entered on the docket on May 7 with a notation that a written order would follow. A notice of appeal was filed on June 5, but the written order was not filed until July 23, The court held that at the time notice of appeal was given there was no final appealable order, that therefore there was no basis for appellate jurisdiction and the appeal must be dismissed. In *Loveless v. Loveless*, 3 Ill.App.3d 967, it was held that where an order was entered on the docket on February 10 with a notation of a written order to follow and the written order was not filed until April 16, the fact that a notice of appeal was filed on March 2 did not divest the trial court of jurisdiction because at that time there was no final appealable order and the notice was ineffective. In *Grissom v. Buckley-Loda Community Unit School District*, 11 Ill. App.3d 55, it was held that where a final appealable order did not exist until the trial court actually signed a written judgment order, the appellate court had no jurisdiction to entertain an appeal where notice of appeal was filed on same day trial court orally announced judgment. Also, it has been held that a written judgment order cannot be entered *nunc pro tunc* to relate back to the time of the docket entry. *People ex rel. Henderson v. Redfern*, 104 Ill.App.2d 132.

■■■ From the record here it clearly appears that on April 9, the court announced its judgment from the bench and ordered plaintiff to pay $13600 in arrearage. Also, the docket entry clearly refers to a written order, so that under Rule 272 the written order is controlling. The written order was also filed on April 9, but contrary to the court's oral announcement, and for reasons unknown, this written order makes only a recital or finding that a judgment "should be" entered against plaintiff for $13,600. It does not order such a judgment and its failure to do so is made glaringly apparent in the fact that a number of other matters are specifically ordered, including plaintiff's remandment to jail for contempt. We consider this written judgment to be substantively defective, for, as stated in 46 Am. Jur. 2d Judgments § 78, it is only the decretal

portion of a judgment that is operative as a judgment and the rights of the parties are adjudicated by that portion alone and not by the recitals. It therefore necessarily follows, under the provisions of Supreme Court Rule 272, that even though there was an announcement of a final judgment from the bench, the written order which was to follow is missing insofar as an assessment of arrearage is concerned. As stated above, until the written judgment is filed the proceedings are in a state of temporary abeyance and the bare announcement of the final judgment cannot be attacked by motion, cannot be appealed from, and cannot be enforced. Under such circumstances the order of July 10 holding that the order of April 9 remained in full force and effect was ineffective. In addition, though the plaintiff had no right to attack it by motion when he did, nonetheless, when and if an effective written judgment is filed, then from that date plaintiff may take such action as he may deem appropriate, including, for instance, the timely filing of a notice of appeal in the event the trial court, on motion, refuses to reconsider its interpretation of the meaning of the household expense provision of the original support order.

The judgment order of the Circuit Court of Madison County dated July 10, 1973, is affirmed as to that portion thereof modifying the original temporary support order of April 6, 1972, and providing for payments by the husband to the wife of $100 per month for child support and $200 per month for alimony, except that said portion of the order is hereby modified to provide that it shall be effective as of April 9, 1973, and said payments shall be due and payable from and after that date. In all other respects said judgment order is reversed and the cause remanded for proper entry of judgment, consistent with this opinion.

Affirmed in part as modified and reversed and remanded in part with directions.

EBERSPACHER and CARTER, JJ., concur.