ROBERTA E. LEWIS, Plaintiff-Appellee, *v.* JAMES ROBERT LEWIS, Defendant-Appellant.

Fifth District  No. 76-295

Opinion filed May 3, 1977.

Mark Kruger, of Land of Lincoln Legal Assistance Foundation, Inc., of East St. Louis, for appellant.

No brief filed for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the circuit court of St. Clair County by which judgment was entered for plaintiff, Roberta E. Lewis, against her former husband defendant, James R. Lewis, in the amount of $18,993.36 for an arrearage of child support payments; an order for defendant to pay $10 per week on the arrearage, an order allowing interest on the judgment at the rate of 6% and an order reducing the child support payments from $68.75 to $15 per week.

The defendant has brought this appeal. He urges that the court below erred in entering judgment in favor of the plaintiff in the amount of $18,993.36, plus interest, and erred not only in the amount of child support ordered, but also in ordering payment on the arrearage.

The parties were divorced in 1968 with one minor child; the defendant then was earning $700 per month and was ordered to pay the plaintiff the amount of $68.75 per week for child support, and the defendant paid an amount of $275 per month to the plaintiff through 1969. The amount of $275 was agreed to by both parties (although less than the ordered weekly payment). Commencing in January 1970, the payments, as indicated in the court's records, dropped dramatically and continued at a rate of less than $10 per week through 1970, in 1971 were slightly over $10 per week and then rose in 1972 to $15 per week. All payments made were generally in a regular and routine manner. The court's records then indicate that no payments were made in 1973, but that a payment of $311.39 was made on January 4, 1974 (the plaintiff had apparently left the State and the defendant had placed the monies in a savings account awaiting her return) and thereafter, commenced on a regular basis at a rate of approximately $10 per week and continued in such amounts into 1976.

There is no dispute that the abrupt decrease in payments coincided with the defendant losing his $700 per month job. He was then unemployed for six months. There is also no dispute that since that job, he has not earned as much, although he has been (other than another extensive layoff) regularly and routinely employed. At the time of the hearings in this matter, he had been for two years employed as a sales clerk in men's furnishings with Stix, Baer & Fuller, earning a take home pay of approximately $60 per week. His W-2 form for 1974 indicates a

gross of $4,085.20 and for 1975, of $4,191.48. There is no evidence or other indication that he had any other source of income.

The defendant, who is 48 years old, according to his testimony, is taking medication for a rapid heart rate. He does not own a motor vehicle, shares an apartment with another and pays $55 per month for rent. His testimony indicated that his other expenses were correspondingly low.

The plaintiff at the time of the hearings was employed and earning approximately $600 per month take home pay.

The defendant, in support of his affirmative defense of equitable estoppel testified that the parties had agreed to a reduction. This is in dispute in evidence as shown by the testimony. The plaintiff contends that there was no agreement to any reduction by the parties. She also testified that she asked him to pay until two or three years ago, and since then, she testified she was unable to get in touch with him (other testimony indicated that the defendant resided at the same residence during at least the majority of that time and the plaintiff was aware of his address). Her testimony did indicate in June 1970 she may have agreed to a reduction until the defendant found other employment.

■■■ The defendant relies upon the cases and the law of equitable estoppel as it applies to child support. (*Wolfe v. Wolfe*, 303 Ill. App. 188, 24 N.E.2d 871 *Anderson v. Anderson*, 48 Ill. App. 2d 140, 198 N.E.2d 342; *Slavis v. Slavis*, 12 Ill. App. 3d 467, 299 N.E.2d 413.) It is clear that the right to past due installments of child support payments is a vested right which may not be reduced or eliminated by courts. (*Green v. Green* 21 Ill. App. 3d 396, 315 N.E.2d 324; *Ellingwood v. Ellingwood*, 25 Ill. App. 3d 587, 323 N.E.2d 571.) The exception to the above rule is when the doctrine of equitable estoppel is applied and then the doctrine may "be applied to all or part of the past installments in an appropriate case." (*Johnson v. Johnson*, 26 Ill. App. 3d 64, 66, 324 N.E.2d 450, 452.) Thus, the equitable estoppel theory is an exception to the otherwise inflexible rule. For there to be equitable estoppel, the supreme court has pronounced:

> "The general rule is that where a party by his statements or conduct leads another to do something he would not have done but for the statements or conduct of the other, the one guilty of the expressions or conduct will not be allowed to deny his utterances or acts to the loss or damage of the other party. The party claiming the estoppel must have relied upon the acts or representations of the other and have had no knowledge or convenient means of knowing the true facts." (*Dill v. Widman*, 413 Ill. 448, 455-56, 109 N.E.2d 765.)

We do not apply the doctrine of equitable estoppel to this case because it does not appear that the defendant did anything that he otherwise would

not have done assuming that the plaintiff had agreed to the reduction. Proof of the estoppel must be proven by clear and unequivocal evidence. (*Slavis v. Slavis*, 12 Ill. App. 3d 467, 474.) The defendant has had remedies available to which he did not avail himself.

As in *Ellingwood*, plaintiff has not by her statements or conduct led defendant into the current situation, and failure to make demand on defendant does not create an equitable estoppel where a respondent attempts to avoid the vested rights of a petitioner by use of a special defense such as equitable estoppel, he has the burden of proving his case by evidence which is "clear, precise and unequivocal." *Jennings v. Bituminous Casualty Corp.*, 47 Ill. App. 2d 243, 249, 197 N.E.2d 513.

■■ The second matter urged by the defendant is that the court erred in granting the plaintiff the amount of $15 per week for child support. Once again, the law is clear, the court, in determining the appropriate amount of child support, must look at all the circumstances surrounding the case including the ability of the parties to pay. (*Knox v. Knox*, 31 Ill. App. 3d 816, 334 N.E.2d 891.) The record discloses that plaintiff is providing a substantial portion of the support of the child with the help of her parents. A review of the record indicates that defendant does not at this time have sufficient income to make payments on both the arrearage and current child support. The arrearage has been properly secured by reduction to judgment, although we recognize that such judgment as a practical matter is currently uncollectible. We believe it to be for the best interest of the 14-year-old child that current support payments as reduced to $15 per week be continued.

As a result we affirm the judgment for the arrearage; we affirm the modified order providing for child support payments in the amount of $15 per week, and we reverse the order providing for payment of $10 per week on the indebtedness reduced to judgment. We remand this cause for such further proceedings as may be consistent herewith.

Affirmed in part, reversed in part, remanded.

CARTER, P. J., and KARNS, J., concur.