THERESA JOZWICK, n/k/a Theresa Clelland, Plaintiff-Appellant, *v.* WALTER JOZWICK, Defendant-Appellee.

First District (1st Division)    No. 77-1776

Opinion filed May 14, 1979.

18

Donald Schultz, of Chicago, for appellant.

Bentley, Du Canto, Silvestri & Doss, Ltd., of Chicago (Owen L. Doss, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff-petitioner appeals from an order of the circuit court of Cook County denying her petition for an arrearage of child support payments. She contends that: (1) child support payments cannot be automatically reduced pro-rata as each child reaches the age of majority; and (2) her suit for past due installments of child support is not barred by equitable estoppel and laches. We reverse and remand.

The following facts are pertinent to the disposition of this appeal.

The plaintiff, Theresa Jozwick, and the defendant, Walter Jozwick, were married on January 31, 1952, and thereafter had two children, Deborah and Jerri Ann. On June 18, 1962 a divorce decree was entered which directed, in part, "that the defendant, Walter Jozwick, pay to the plaintiff, Theresa Jozwick, the sum of forty-five ($45.00) dollars per week, which represents fifteen ($15.00) dollars per week for the support of the minor child, Deborah, and fifteen ($15.00) dollars per week for the

support of the minor child, Jerri Ann, and fifteen ($15.00) dollars per week for alimony."

On June 17, 1963, an order modifying the June 18, 1962, decree was entered. It ordered that effective June 21, 1963, the defendant pay to the plaintiff $20 per week for each child of the parties and $15 for alimony.

On August 18, 1966, the plaintiff filed a petition in the trial court for, among other things, an increase in support due to a change of circumstances and for an arrearage of child support payments in the amount of $105. In his answer the defendant requested that the child-support payments be reduced due to a change of circumstances and that the alimony payments be stricken from the support order. On September 27, 1966, at the hearing on the petition and the answer the court ordered "that the defendant pay to the plaintiff the sum of $40.00 per week, each and every week as and for child support for two children," that the alimony be abated and that the defendant pay to the plaintiff $180 for an arrearage of child support payments in weekly installments of $5.

Pursuant to the September 27, 1966, order the defendant made weekly payments of $40 for child support. On April 21, 1972, when the defendant's oldest child reached the age of majority, the defendant unilaterally reduced the child support payments to $20 per week.

On April 12, 1977, the plaintiff filed another petition in the trial court alleging that although the defendant was required to pay to the plaintiff $40 per week for child support for two children pursuant to the September 27, 1966, order, he willfully failed and refused to comply with said order in that commencing on April 21, 1972, he reduced the payments from $40 per week to $20 per week. The plaintiff asserted that the defendant should be required to pay her the sum of $5,200 for the arrearage of child support.

In his answer the defendant stated that he had fully complied with the order and that he had properly reduced the total support payments from $40 per week to $20 per week because the oldest child had reached the age of majority. The answer further stated that at all times the parties understood that the $40 payments were in fact payments of $20 per week for each child. The defendant also argued that the plaintiff had accepted $20 per week for over five years and, therefore, she should be estopped from alleging an arrearage of child-support payments at this time.

The parties agreed that the youngest child, Jerri Ann, reached the age of majority on September 16, 1977. It is also undisputed that the defendant had been employed at Clark Equipment Co. for approximately 19 years when the present action was instituted. At the September 27, 1966, hearing the defendant admitted that he had received periodic salary increases over the years. His present salary was

approximately $18,000 per year. Finally, the record reveals that from September 27, 1966, until July 21, 1977, the plaintiff's and the defendant's only contact or communication with each other was at the wedding of their oldest child. At the wedding neither party discussed the issue of an arrearage of child-support payments.

Following a full hearing on July 21, 1977, the trial court found that the parties contemplated and understood that the order of September 27, 1966, provided for child-support payments of $20 per week per child. The court further found that the plaintiff was estopped from asserting an arrearage on the September 27, 1966, order, that she was guilty of laches, that to find an arrearage would do irreparable harm and damage to the defendant, and that the defendant was current and not in arrears in his child-support payments. Accordingly, the court entered an order on September 7, 1977, dismissing the plaintiff's April 12, 1977, petition and denying all of the relief requested.

■■ We cannot agree with the trial court's finding that the defendant was not in arrears in his child-support payments. This court has generally recognized that a party may not unilaterally terminate child-support payments when there is a change in circumstances. (*Doty v. Doty* (1977), 45 Ill. App. 3d 213, 359 N.E.2d 784; *Voss v. Voss* (1974), 23 Ill. App. 3d 312, 319 N.E.2d 72; *Trimble v. Trimble* (1958), 16 Ill. App. 2d 408, 148 N.E.2d 612; *Strum v. Strum* (1974), 22 Ill. App. 3d 147, 317 N.E.2d 59.) The modification of child-support payments is a judicial function which is to be administered solely by the court and at its discretion. (*Baker v. Baker* (1977), 53 Ill. App. 3d 186, 368 N.E.2d 379.) It is well established that past due installments for child support are the vested rights of the designated recipients and the court lacks the authority to modify those amounts which have already accrued. (*Lewis v. Lewis* (1977), 48 Ill. App. 3d 281, 363 N.E.2d 106; *Doty*; *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571; *Strum*.) Therefore, any modification in child-support payments will only act prospectively. *Strum*; *Chalmers v. Chalmers* (1961), 31 Ill. App. 2d 1, 175 N.E.2d 613.

Recent Illinois decisions have held that amounts due for child support cannot be reduced pro rata automatically as each child reaches majority. (*Doty*; *Storm v. Storm* (1973), 9 Ill. App. 3d 1071, 293 N.E.2d 633. See also *Baker*.) A party directed to pay child support must obtain a court order to modify such payments. (*Voss*.) "[I]t is not for him to determine when and for what reasons he shall stop payments." (*Doty v. Doty* (1977), 45 Ill. App. 3d 213, 215, 359 N.E.2d 784; accord, *Voss*; *Trimble*.) In the case at bar the proper procedure for the defendant to have followed would have been to have filed a petition with the court praying for a modification. *In re Estate of Neirinck* (1978), 62 Ill. App. 3d

189, 379 N.E.2d 356; *Strum*; *Gregory v. Gregory* (1964), 52 Ill. App. 2d 262, 202 N.E.2d 139.

■ The defendant requests that this court overrule its decisions in *Doty*, *Voss* and *Baker*. However, the defendant has failed to present any facts or grounds which would compel us to reverse our decisions in these cases. We support the rationale presented in these recent decisions and conclude, therefore, that the defendant was in arrears in his child support payments.

The defendant contends that even if he was in arrears in his child-support payments the trial court properly denied the plaintiff's petition on the basis of equitable estoppel and laches. The defendant further asserts that he would suffer irreparable harm if the court found him to be in arrears in his child support payments. We cannot agree.

■ The doctrine of equitable estoppel is an exception to the otherwise inflexible rule that alimony and child support payments become vested when and as they accrue. (*In re Estate of Neirinck* (1978), 62 Ill. App. 3d 189, 379 N.E.2d 356; *McAdams v. Scullin* (1977), 53 Ill. App. 3d 374, 368 N.E.2d 1036; *Lewis v. Lewis* (1977), 48 Ill. App. 3d 281, 363 N.E.2d 106; *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571.) The doctrine as defined by the Illinois Supreme Court in *Dill v. Widman* (1952), 413 Ill. 448, 109 N.E.2d 765, is:

"* * * where a party by his statements or conduct leads another to do something he would not have done but for the statements or conduct of the other, the one guilty of the expressions or conduct will not be allowed to deny his utterances or acts to the loss or damage of the other party. The party claiming the estoppel must have relied upon the acts or representations of the other and have had no knowledge or convenient means of knowing the true facts." 413 Ill. 448, 455-56.

It is important to note that the plaintiff did not agree to waive payments or accept a lesser amount. Also, there is no evidence that the defendant changed his position for the worse after he reduced the amount of the payments due under the September 27, 1966, order. To the contrary, the record reveals that the defendant retained his employment with periodic increases in salary from the date he reduced payments until the date the present action was filed.

"Proof of the estoppel must be proven by clear and unequivocal evidence." (*Lewis v. Lewis* (1977), 48 Ill. App. 3d 281, 284, 363 N.E.2d 106.) This court has held that equitable estoppel cannot be created based upon the single fact of the plaintiff's failure or of any person in her behalf to make a demand upon the defendant. (*Lewis*; *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571.) In addition,

equitable estoppel is not brought into effect by the mere passage of time. *In re Estate of Neirinck* (1978), 62 Ill. App. 3d 189, 379 N.E.2d 356.

■ The required elements for equitable estoppel have not been presented in the case before us. As in *Ellingwood* and *Lewis*, the plaintiff has not by her conduct caused the defendant to suffer any irreparable harm. In *Ellingwood* the court affirmed the judgment for an arrearage where the plaintiff brought her action 22 years after the support order was entered. Likewise, in *Lewis* the court enforced an order for an arrearage where the plaintiff waited nine years to file her petition. Therefore, in the instant case, the failure on the plaintiff's part to make any demand on the defendant until five years after the defendant reduced payments does not create an equitable estoppel. Finally, the record does not reveal that there was an agreement between the parties to reduce the amount due for child support nor does it indicate that the defendant relied upon any conduct by the plaintiff.

The defendant's final argument is that the plaintiff's claim is barred by laches. After careful consideration we have come to the conclusion that the doctrine of laches is not controlling in this case.

■ "*Laches* is such neglect or omission to assert a right, taken in conjunction with a lapse of time and other circumstances causing prejudice to an adverse party, as will operate as a bar to a suit." (*Gill v. Gill* (1972), 8 Ill. App. 3d 625, 627, 290 N.E.2d 897.) The doctrine of laches will not be applied where there is no injury or prejudice to the adverse party and where there is no change in the situation of the parties due to the delay to the detriment of the adverse party. (*Gill.*) In the case before us it cannot be said that the defendant would be prejudiced or injured by merely requiring him to pay what he has owed for a number of years. *Doty v. Doty* (1977), 45 Ill. App. 3d 213, 359 N.E.2d 784; *Baldwin v. Baldwin* (1974), 21 Ill. App. 3d 380, 315 N.E.2d 649.

For the foregoing reasons the judgment of the trial court is reversed and the cause is remanded for further proceedings on the plaintiff-petitioner's petition consistent with the views expressed herein.

Reversed and remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.