People of the State of Illinois ex rel. Geraldine Covington, Plaintiff-Appellee, v. Quinnon Johnson, Defendant-Appellant.

Gen. No. 50,580.

First District, Third Division.

January 12, 1967.

Rehearing denied February 9, 1967.

Ira I. Silbar, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order denying both a petition and a motion to vacate a judgment for the plaintiff finding the defendant to be the father of a male child born out of wedlock on January 3, 1959. The petition and motion were filed some five years after the judgment. The judgment was entered under the Paternity Act (Ill Rev Stats 1959, c 106¾, pars 51 to 66).

The facts are these:

On October 30, 1959, the defendant appeared in court and was called upon to answer the complaint of Geraldine

Covington charging him with fathering a child delivered by her out of wedlock. The defendant in open court admitted paternity. The court, sitting without a jury, held a hearing and there was a finding that the defendant was the father of the child. The record also discloses that the court at that time heard evidence upon the requirements of said child for its support, maintenance, education and welfare, and ordered the defendant to pay, to the Clerk of the court the sum of $12 weekly commencing November 7, 1959.

On October 26, 1964, the defendant filed a petition to vacate the judgment which had been entered on October 30, 1959. The petition to vacate the judgment and subsequent motion to sustain the petition were denied in the trial court.

The defendant contends that the court erred in treating this case as criminal in nature instead of civil by accepting an oral plea of guilty; in failing to issue a warrant for the apprehension of defendant; in failing to require a signed written acknowledgment of paternity; and in entering judgment the day of the preliminary hearing instead of setting a later date for a trial on the merits.

Section 5 of the Paternity Act (Ill Rev Stats 1959, c 106¾, par 55) provides in part as follows:

> "Upon the filing of a complaint as provided in Section 4, . . . the Court shall thereupon issue a warrant for the apprehension of the defendant, . . . . Upon the appearance of the accused and in his presence, the Court shall examine the woman, upon oath or affirmation, on the charge that he is the father of the child. . . . If the accused admits the charge, or waives examination of the complainant, or if after the accused has controverted the charge the court, upon examination, determines that sufficient cause appears, it shall bind the accused person, in bond, . . . to appear in court on a designated

return day occurring within 30 days from the date of the bond, . . . to answer the charge and to abide the final order or judgment. . . ."

Section 9 of the Paternity Act reads in part as follows:

"If the defendant has in writing acknowledged that he is the father of the child, either at the preliminary hearing provided in Section 5, or at the subsequent trial of the issue, . . . or if on the trial of the issue the court or jury, as the case may be, finds that he is the father, the court shall enter judgment to that effect. . . ."

█ As to the first point urged by the defendant, namely, that the court erred in treating this case as criminal in nature instead of civil, the defendant argues that the plea of guilty accepted by the court was improper because cases involving the Paternity Act are civil cases and not criminal. Prior to 1957 cases of this kind were covered by the act known as the Bastardy Act. In 1957 the legislature saw fit to give this chapter a more imposing and dignified title and named it the Paternity Act. Cases construing the procedures in the Bastardy Act are applicable to the statute now entitled Paternity Act.

In People v. Woodside, 72 Ill 407, the court decided that in a bastardy case where a plea of not guilty was filed it was sufficient, though not as formal as it might be, and the issue was thus made.

█ We think there is no substantial point raised by the defendant's first contention merely because the defendant pleaded guilty to the charge rather than to file a formal answer to the charge against him. The Civil Practice Act is applicable to the Paternity Act, and while it would have been more appropriate for the defendant to file an answer or other pleading, he cannot now complain of his failure to provide a more formal

issue. Cornmesser v. Laken, 43 Ill App2d 324, 193 NE2d 337; People v. Humbracht, 215 Ill App 29. Furthermore, in the order entered after the hearing it is recited that the defendant admitted the paternity of the child.

█ The defendant also argues in his brief that by virtue of section 5 of the Paternity Act the court should have issued a warrant for the apprehension of the defendant and cites the case of Toms v. Lohrentz, 37 Ill App2d 414, 185 NE2d 708. In the Toms case the court on page 418 said the following:

> "Upon the filing of a complaint, the Paternity Act provides that the 'Court shall thereupon issue a warrant for the apprehension of the defendant.' This is the only method provided for obtaining jurisdiction of the putative father."

In that case the plaintiff had brought suit against the administrator of the estate of the putative father after his death, and the language above quoted was used to support the court's reasoning that an action under the Paternity Act did not survive the death of the putative father. We do not construe that case to hold that the court could not obtain jurisdiction of a putative father who voluntarily appears before the court.

In People v. Estep, 6 Ill2d 127, 128, 126 NE2d 637, the court said that "the object of process is to secure the appearance of the party, and process is unnecessary if the party appears voluntarily. Any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance." Section 5 of the Paternity Act set forth above reads in part as follows: "Upon the filing of a complaint . . . the court shall thereupon issue a warrant for the apprehension of the defendant." Here there was no necessity for apprehending the defendant as he voluntarily appeared in court and submitted to its jurisdiction.

The defendant next contends that because he did not file a written acknowledgment that he was the father of the child the proceeding was conducted contrary to the provisions of the Paternity Act. Section 5 of the Paternity Act provides that if the accused admits the charge after appearing in court upon the filing of the complaint, it shall bind the accused person to appear in court on a designated return day. Section 5 does not require a written acknowledgment of the paternity of the child. Section 9 of the Paternity Act relates to the trial and provides that if the defendant has acknowledged in writing the paternity of the child, either at the preliminary hearing or at a subsequent trial, or if on the trial of the issue the court or jury, as the case may be, finds that he is the father, the court shall enter judgment to that effect. Here the court by its order stated that the defendant had been held to trial on the issue and upon the evidence the court found the defendant guilty of being the father of the child.

The defendant finally contends that the court erred in entering judgment the day of the preliminary hearing instead of setting a later date for a trial on the merits.

The court in the case of People v. Humbracht, supra, in construing the word "shall" in the Bastardy Act said on page 34:

> "Furthermore, we think that the word 'shall' in section 4 of the statute (wherein it is provided that the County Court or Criminal Court, as the case may be, 'at its *next* term, *shall* cause an issue to be made up,' etc.) should be construed as merely directory and not mandatory. 'The word *shall* may be held to be merely directory when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or to any individual, by giving it that construction.' (Wheeler v. City of Chicago,

24 Ill 105–107; Canal Commissioners v. Sanitary Dist. of Chicago, 184 Ill 597–604.)"

■ ■ We consider the requirement that a hearing be held at a subsequent date within thirty days after the preliminary hearing to be directory and not mandatory in a case like this. Also, by the defendant's voluntary appearance for the preliminary hearing and his participation in the trial which immediately followed, without having sought or even, possibly, desired a hearing on a later date, he must be held to have waived a later hearing.

In Rose v. People ex rel. Stansell, 81 Ill App 128, 130 the court said:

"A prosecution under the bastardy act is a civil proceeding, and in such case a defendant may waive any irregularity in process or preliminary proceedings by the same acts and to the same extent as in other civil cases."

■ The order entered by the trial court recited that the defendant having been present in open court, and having admitted the paternity of the child out of wedlock, and having waived examination of relatrix and the court having held the defendant to trial on the issue and upon the evidence presented the court found Quinnon Johnson guilty of being the father of the child (male) born out of wedlock January 3, 1959. The court thereupon ordered the plaintiffs have judgment on the finding and that the defendant is the real father of the child of the relatrix. The order further recited that the court heard evidence upon the requirements of the said child for its support, maintenance, education and welfare, and ordered that the defendant pay to the Clerk the amount found necessary therefor. Since the order recites that evidence was heard on the issues and that the defendant was present in open court, and since there is no report of proceedings in the record, we are bound by the recital of the final order.

The defendant has contended that the judgment entered in this case was void because of the irregularities in the proceedings. We do not consider that any of the points raised by the defendant deprived the trial court of jurisdiction at the time of the hearing and the entry of the judgment, and we conclude the judgment entered on October 30, 1959, is valid.

The plaintiff in its brief asserts that since the judgment of October 30, 1959, was not void and since the petition to vacate the judgment was not timely filed under section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 72), the court was correct in denying the defendant's petition. With this we agree. The petition was filed on October 26, 1964, some five years after the entry of the judgment. A motion was subsequently filed by the defendant. The motion and the petition of the defendant were properly denied and the orders are affirmed.

Orders affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.