RUTH LARSEN, *et al.*, Petitioners-Appellants, *v.* BEN LEJCAR, *et al.*, Respondents-Appellees.

(No. 55157;

First District—October 1, 1971.

Harry Goodgold, of Chicago, (John D. Vosnos and James B. Martin, of counsel,) for appellants.

Elliott, Carrane, Uruba & Wayt, and Richard Altieri, of Chicago, (Richard Altieri and Glynn J. Elliott, Jr., of counsel,) for respondent-appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This appeal is from an order dismissing the petition and amended petition of Ruth Larsen and Wallace Simmers seeking to vacate a judgment for a tax deed entered on October 15, 1965.

Ruth Larsen filed her petition on August 11, 1969, and on September 22, 1969, she and Simmers (hereinafter referred to as petitioner) obtained leave to file an amended petition naming, among others, Ben Lejcar, Helen and John Marlas as defendants.

The amended petition recited that the tax assessment was void because the property was exempt by reason of certain condemnation proceedings which remained in effect until May 8, 1964; that by reason

thereof the assessment and forfeiture "was in error and resultingly fraudulent to fact"; that the affidavit in support of the deed was false and untrue in that Ruth Larsen occupied a house, barn and house trailer on said premises; that no proof was offered to support the obtaining of a tax deed; that there was a recorded, existing mortgage; that neither of the petitioners had "any knowledge of the processing by way of services as required by law in proceedings of this type"; and that the certificate of forfeiture was not properly filed and recorded under the Torrens System.

On November 24, 1969, the Marlases filed an answer alleging they were bona fide purchasers in 1967 and that by agreement with Ruth Larsen there was a judgment for possession on January 6, 1969. They also filed a motion to strike the petition. Lejcar filed his motion to strike and dismiss on March 10, 1970, alleging many insufficiencies in the petition, the primary one being that the petition was barred by law. On April 14, 1970, after hearing arguments and "admissions of counsel" (which do not appear in the record), the court sustained the motion of defendants to strike and dismiss the amended petition.

■■ On appeal petitioners first contend that the magistrate did not have the power to hear and determine this type of case because Paragraph 628 of Chapter 37 of the Illinois Revised Statutes is unconstitutional. It reads:

"All objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins. No order or judgment is void or subject to colateral attack merely because rendered pursuant to improper assignment to a magistrate."

This issue was never raised in the trial court and therefore cannot be urged for the first time on appeal. *Meyers v. Board of Education,* 121 Ill.App.2d 186.

Petitioners next argue that since issues of fact had been presented by the pleadings the court erred in dismissing the amended petition. In their brief the petitioners state these issues as follows:

"1. Was there jurisdiction of the parties in accordance with the statute in the tax judgment proceeding?

2. Were the 1961 real estate tax assessments levied against exempt property?"

Relief from tax deed judgments is governed by Paragraph 266 of the Revenue Act (Ill. Rev. Stat., 1969, ch. 120, par. 747) which provides in part:

"Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 72 of the "Civil Practice Act", approved June 23, 1933, as heretofore or hereafter amended, in the same manner, upon the same grounds

and to the same extent as may be had under that Section with respect to final orders, judgments and decrees in other proceedings and the court shall consider defenses relating to questions of the notices required by Section 263 and the proof presented in the hearing required by this Section. This Section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title."

In *Urban v. Lois, Inc.,* 29 Ill.2d 542, 546, the court stated:

"We think it clear that the entire tax-sale proceeding is one *in rem* rather than *in personam.* (*People ex rel. Astle v. Chicago and Eastern Illinois Railway Co.* 315 Ill. 536, 539; *People ex rel. Thaxton v. Coal Belt Electric Railway Co.* 311 Ill. 29, 33.) It is the jurisdiction over the land itself, acquired in the original application for judgment and order of sale that gives to the county court the power to act. (*Shapiro v. Hruby,* 21 Ill.2d 353, 358; *Cherin v. The R. & C. Company,* 11 Ill.2d 447, 454.) Once acquired the county court retains jurisdiction to make all necessary findings and enter all necessary orders supplemental to the original tax sale. We, therefore, hold that the county court had jurisdiction to enter its order of December 3, 1962, finding all notices required by law had been given and directing the issuance of tax deeds to Lois, Inc. (*Cherin v. The R. & C. Company,* 11 Ill.2d 447; *People v. Altman,* 9 Ill.2d 277.) Such order could thereafter be attacked only by direct appeal or by appropriate proceedings under section 72 of the Civil Practice Act * * *."

As we said in *Cherin v. The R. & C. Company,* 11 Ill.2d 447, 454-455:

"It was the purpose of the legislature to provide a method for obtaining merchantable tax titles. This end is attained by adjudging the conclusive effect of the county court's determination. This construction of the statute in question conforms to the legislative admonition that 'This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title.' Ill. Rev. Stat. 1955, ch. 120, par. 747."

If we were to hold otherwise, we would abrogate the efficacy of the 1951 amendments to the Revenue Act, and would defeat the desired conclusiveness of the county court's order for the issuance of a tax deed. The consequent effect upon the merchantability of tax titles would place the annual tax sale in the same status as existed before the 1951 amendments and which the legislature intended to change. See *Cherin v. The R. & C. Company,* 11 Ill.2d 447, and *Shuck v. Guarantee Bank and Trust Co.* 26 Ill.2d 123.

■■■ In the instant case the record discloses that the court had jurisdiction over the land itself, acquired in the original application for judgment and order of sale. Therefore, the trial court had jurisdiction to enter

its order of October 15, 1965, finding that all notices required by law had been given, that all provisions of law had been complied with and that a tax deed issue. This judgment was not appealed. The petition, filed almost four years after the entry of the judgment, does not qualify as a petition under Paragraph 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) which in sub-paragraph (3) provides for the filing of a petition not later than two years after the entry of the judgment.

██ Therefore, since the order was not void for lack of jurisdiction, then under Paragraph 266 of the Revenue Act, *supra*, the tax deed judgment is incontestable and the court properly sustained the motion to dismiss.

Judgment affirmed.

ENGLISH, P. J., and LORENZ, J., concur.