In the Matter of BOWEN TRANSPORTS, INC., an Illinois Corporation, Debtor.

CENTRAL NATIONAL BANK OF MATTOON, a National Banking Association, Plaintiff-Appellant,

v.

BOWEN TRANSPORTS, INC., an Illinois Corporation, Defendant-Appellee.

No. 76–1508.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1976.

Decided March 16, 1977.

Jack E. Horsley, Stephen L. Corn, Mattoon, Ill., for plaintiff-appellant.

Clyde Meachum, Danville, Ill., for defendant-appellee.

Before BAUER and WOOD, Circuit Judges, and GRANT, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

This case involved an appeal from a district court ruling which affirmed an order by the referee in bankruptcy sustaining the objections of Bowen Transports, Inc., to a claim filed by the Central National Bank of Mattoon in the amount of $38,886.95. The central question on appeal is whether the referee in bankruptcy and the lower court properly concluded that the Central National Bank of Mattoon is not a creditor of Bowen Transports, Inc.

For the following reasons we believe that the objections of Bowen Transports, Inc., to the Central National Bank's claim were properly sustained.

## I

Briefly, the facts are as follows:

Appellant Central National Bank of Mattoon (hereinafter referred to as the Bank) filed claims in two separate Chapter XI proceedings against two corporations. One corporation, Appellee Bowen Transports, Inc.[1] (hereinafter referred to as the Illinois corporation), was organized in Illinois. The other corporation, Bowen Transports, Inc. of Illinois (hereinafter referred to as the Delaware corporation), was organized in Delaware. The Illinois corporation was successful in obtaining approval from its creditors and the referee in bankruptcy for a Chapter XI Plan of Arrangement. The Delaware corporation did not succeed in its Chapter XI proceeding and was adjudged bankrupt.

At all times relevant to the case at bar Bowen Investment Corporation owned all of the stock of the Delaware corporation. Similarly, the Illinois corporation's stock was being purchased by Bowen Investment Corporation on an installment contract. Bowen Investment Corporation possessed the voting rights of the stock of the Illinois corporation.

The stock of Bowen Investment Corporation was owned entirely by H. G. Bowen and his wife Martha Bowen. In addition, H. G. Bowen, Martha Bowen and son P. G. Bowen all served as the officers and directors in Bowen Investment Corporation, the Delaware corporation and the Illinois corporation.

Prior to August, 1970, the Illinois corporation was a common carrier engaged in interstate trucking. The Illinois corporation in August, 1970, sold its interstate certificate and nearly all of its motor vehicle equipment to Coastal Tank Lines, Inc., (hereinafter referred to as Coastal) on an installment contract. At the time the proceedings in the present case were initiated, Coastal still owed the Illinois corporation on the installment contract. Subsequent to this sale the primary business engaged in by the Illinois corporation was collection of rentals from Coastal and payment of financing on the trucks sold to Coastal. The Illinois corporation also rented equipment

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

1. The original name of Bowen Transports, Inc., was Cushman Transports, Inc. The corporate name was changed to Bowen Transports, Inc., on February 25, 1970.

to the Delaware corporation. The rental of equipment helped to offset money loaned by the Delaware corporation to the Illinois corporation to help the Illinois corporation meet its financial obligations.

The Delaware corporation operated trucks in interstate commerce up to and including February 9, 1973, the date it was adjudged bankrupt.

The Bank extended loans to the two corporations evidenced by promissory notes executed between April and September, 1971. On April 9, 1971, a note made payable to the order of the Bank was executed by H. G. Bowen as president and Martha Bowen as secretary of Bowen Transports, Inc. of Illinois, the Delaware corporation. The note was subsequently assigned to the Small Business Administration. Seven additional notes were executed in a like manner between April 9, 1970, and July 20, 1970.[2] An additional note executed in favor of the Bank was a note signed on September 17, 1971, by Bowen Transports, Inc., the Illinois corporation. That note has been paid and is not contested.

All nine notes contained provisions for confession of judgment. In January 1972, the Bank caused judgments to be confessed against the Illinois corporation in Circuit Court of Coles County, Illinois, on all nine notes. In February, 1972, the Bank filed an amended complaint and caused the judgment against the Illinois corporation to be amended. The amended judgment operated against the Illinois corporation only on the September 17, 1971, note. The Delaware corporation was held responsible under the amended judgment on the other eight notes.

Thereafter, the Bank initiated supplementary proceedings for the discovery of assets pursuant to *Ill.Rev.Stat.*, Ch. 110 § 73. The Bank contended that it was entitled to reach the Illinois corporation's

assets (principally the funds due from Coastal on the installment contract) to satisfy the judgment against the Delaware corporation as well as the judgment against the Illinois corporation. On June 9, 1972, the Circuit Court judge entered an order which provided in part that the proceeds from the Coastal contract be assigned to the Circuit Clerk until further order by the Circuit Court. On June 28, 1976, the proceeds from the Coastal installment contract were assigned to the Circuit Clerk, Coles County, Illinois.

Prior to further disposition by the state court, both corporations filed for arrangements under Chapter XI of the Bankruptcy Act. The bankruptcy court issued a restraining order which prohibited the Bank from proceeding further in state court.

The referee in bankruptcy ruled that except for the note signed by the Illinois corporation on September 17, 1971, the Illinois corporation is not indebted to either the Bank or the Small Business Administration. Thus, the referee disallowed the Bank's claim on the remaining eight notes against the Illinois corporation.

The district court on appeal affirmed the denial of the Bank's claim.[3]

The Bank first contends that the Circuit Court of Coles County created a lien on behalf of the Bank on the funds owed the Illinois corporation by Coastal which allows satisfaction of the judgment on the eight notes executed by the Delaware corporation. The Bank argues that this lien under the principles of res judicata should have been given effect by the referee and the district court. The Bank next suggests that its claim was improperly dismissed since the Illinois corporation was the maker of a note dated July 20, 1971, in the principal amount of $25,000. In addition, the Bank argues that the doctrine of piercing the corporate

---

2. As additional security for their loans to the Delaware corporation the Bank and the Small Business Administration took personal notes on guarantees from H. G. Bowen, Martha Bowen and Bowen Investment Corporation.

3. The Small Business Administration did not join in the appeal by the Bank to the district court.

veil should be applied so that the indebtedness of the Delaware corporation would be regarded as the indebtedness of the Illinois corporation. The Bank further contends that the referee committed error in prohibiting the introduction into evidence of a transcript of testimony given at the state supplementary proceedings. Finally, the Bank asserts that the referee's findings are clearly erroneous.

4. Since the supplementary proceeding occurred in 1972, we assume in the absence of any indication from the parties that *Ill.Rev.Stat.*, Ch. 110, § 73 applied as it was written prior to the 1973 amendment. The statute provided:

(1) A judgment creditor, or his successor in interest when that interest is made to appear of record, is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from execution, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment or decree. A supplementary proceeding shall be commenced by the service of a citation issued by the clerk. The procedure for conducting supplemental proceedings shall be prescribed by rules. It is not a prerequisite to the commencement of a supplementary proceeding that an execution has been returned wholly or partly unsatisfied.

(2) When assets or income of the judgment debtor not exempt from execution, a deduction order or garnishment are discovered, the court may, by appropriate order, judgment or decree:

(a) Compel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his possession or control, so discovered, capable of delivery and to which his title or right of possession is not substantially disputed.

(b) Compel the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, a portion of his income, however or whenever earned or acquired, as the court may deem proper, having due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by prior order of court or under wage assignments outstanding. The court may modify an order for installment payments, from time to time, upon application of either party upon notice to the other.

(c) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those

II

1. *Lien on funds owed Illinois corporation.*

Subsequent to entry of judgment against the Illinois corporation on the note executed on September 17, 1971, and judgment against the Delaware corporation on the eight notes executed between April and July, 1970, the Bank initiated supplementary proceedings pursuant to *Ill.Rev.Stat.*, Ch. 110 § 73,[4] for discovery of assets. On June

assets are held under such circumstances that in an action by the judgment debtor he could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement.

(d) Enter any order upon or judgment against the person cited that could be entered in any garnishment proceeding.

(e) Compel any person cited to execute an assignment of any chose in action or a conveyance of title to real or personal property, in the same manner and to the same extent as a court of chancery could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of execution.

(f) Authorize the judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt, forbid the transfer or other disposition of the debt until an action can be commenced and prosecuted to judgment, direct that the papers or proof in the possession or control of the debtor and necessary in the prosecution of the action be delivered to the creditor or impounded in court, and provide for the disposition of any moneys in excess of the sum required to pay the judgment creditor's judgment and costs allowed by the court.

(3) All property ordered to be delivered up shall, except as otherwise provided in this section, be delivered to the sheriff to be by him collected or sold at public sale and the proceeds thereof applied towards the payment of costs and the satisfaction of the judgment.

(4)(a) The citation may prohibit the party to whom it is directed from making or suffering any transfer or other disposition of, or interfering with, any property not exempt from execution, a deduction order or garnishment, belonging to the judgment debtor or to which he may be entitled or which may thereafter be acquired by or become due to him, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court of the termination of the proceeding, whichever occurs first. The third party may not be obliged to withhold the payment of any moneys beyond double the amount of the judg-

9, 1972, the circuit judge entered an order in the supplementary proceeding which provided in part that proceeds due the Illinois corporation from the Coastal installment contract be assigned to the circuit clerk until further order by the court.[5]  In addition, the circuit judge entered findings of fact on June 28, 1972, in which he stated in part that proceeds from the Coastal contract and equipment owned by both corporations were used indiscriminately for the benefit of both the Illinois and Delaware corporations.[6]

ment or decree sought to be enforced by the judgment creditor. The court may punish any party who violates the restraining provision of a citation as and for a contempt, or if he is a third party may enter judgment against him in the amount of the unpaid portion of the judgment and costs allowable under this section, or in the amount of the value of the property transferred, whichever is lesser.

(b) The court may enjoin any person, whether or not a party to the supplementary proceeding, from making or suffering any transfer or other disposition of, or interference with, the property of the judgment debtor, or the property or debt concerning which any person is required to attend and be examined until further direction in the premises. The injunction order shall remain in effect until vacated by the court or until the proceeding is terminated, whichever first occurs.

(5) If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person other than the judgment debtor, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his right. The rights of the person cited (other than the judgment debtor) and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings.

(6) Costs in proceedings authorized by this section shall be allowed, assessed and paid in accordance with rules.

(7) Appeal may be taken from any final order, judgment or decree in like manner as in other civil proceedings.

(8) This section is in addition to and does not affect enforcement of judgments or decrees or proceedings supplementary thereto, by any other methods now or hereafter provided by law.

(9) This section does not grant the power to any court to order installment or other payments from, or compel the sale, delivery, surrender, assignment or conveyance of any property exempt by statute from execution, a deduction order, garnishment, attachment, sequestration, process or other levy or seizure.

(10) An order, judgment, decree, citation or injunction under this section that relates to a security which is transferable as provided in Section 8–320 of the Uniform Commercial Code may issue only against the judgment debtor, against a person which carries on its books an account in the name of the judgment debtor in which an interest in that security is reflected or against the person to whom the judgment debtor has pledged that security.

5. The Circuit Judge's order stated in part:

   \*    \*    \*    \*    \*    \*

IT IS HEREBY ORDERED:

   \*    \*    \*    \*    \*    \*

2. That BOWEN TRANSPORTS, INC., an Illinois Corporation, by one of its officers assign the proceeds to be paid, subject to a prior monthly equipment rental, pursuant to a contract between BOWEN TRANSPORTS, INC., an Illinois Corporation, and COASTAL TANK LINES, INC., a Corporation, dated on or about the 21st day of August, 1970, to JOSEPH F. SNYDER, Circuit Clerk, Coles County, Illinois, until further order of this Court or post a bond in favor of the CENTRAL NATIONAL BANK OF MATTOON in the amount of Forty Thousand Dollars ($40,-000) and a bond in favor of THE CHARLESTON NATIONAL BANK in the amount of Twenty-Three Thousand Four Hundred Fifty-Seven Dollars ($23,457) by 12:00 o'clock a. m. (noon), June 13, 1972.

3. That said assignment of contract proceeds be made on or before 12:00 o'clock a. m. (noon), June 13, 1972. Upon failure of said BOWEN TRANSPORTS, INC., an Illinois Corporation, and its officers to make said assignment or post said bonds, then PAUL B. SMITH, Sheriff of Coles County, Illinois, shall execute said assignment for said corporation. Said assignment shall be made in open Court or in the office of JOSEPH F. SNYDER, Circuit Clerk, Coles County, Illinois.

4. That said JOSEPH F. SNYDER, Circuit Clerk, collect the proceeds of said contract and disburse said proceeds as hereafter ordered by this Court.

   \*    \*    \*    \*    \*    \*

6. The findings of fact submitted by the circuit court judge were as follows:

FINDINGS OF FACT

In connection with the consolidated hearing on Citations to Discover Assets, the Court having heard the evidence, makes the following findings of fact:

1. That H. G. BOWEN, President of BOWEN TRANSPORTS, INC., an Illinois Corpora-

The Bank asserts that the June 9, 1972, order, the findings of fact, and the assignment[7] of the Coastal contract proceeds reflects the creation by the state court of a lien on the Coastal contract proceeds on behalf of the Bank to satisfy the debt created by the Delaware corporation. Defendant argues that the referee was obligated under the principles of res judicata to honor this lien in the bankruptcy proceedings.

We do not agree, however, that the state court created a lien on behalf of the Bank against the proceeds of the Coastal installment contract to satisfy the debt created by the notes signed by the Delaware corporation.

Supplementary proceedings pursuant to *Ill.Rev.Stat.*, Ch. 110 § 73, are designed to provide a statutory basis for a judgment creditor to discover a debtor's property and apply it in satisfaction of a judgment. Supplementary proceedings "derive their support from the main judgment, and if the main judgment fails the right to collect in such proceedings must also fail." *Alsen v.*

tion, and BOWEN TRANSPORTS, INC. OF ILLINOIS, a Delaware Corporation, has caused the proceeds of the Contract between BOWEN TRANSPORTS, INC., an Illinois Corporation, and COASTAL TANK LINES, INC., a Corporation, to be allocated and used indiscriminately for the benefits of and to the accounts of BOWEN TRANSPORTS, INC., an Illinois Corporation, and BOWEN TRANSPORTS, INC. OF ILLINOIS, a Delaware Corporation, as required by the needs of said BOWEN TRANSPORTS, INC., an Illinois Corporation, and BOWEN TRANSPORTS, INC. OF ILLINOIS, a Delaware Corporation, has been and is used interchangeably between said corporations as the needs of said corporations require.

3. That the following factual findings are hereby determined upon by the Court:

a. That the original corporation was BOWEN TRANSPORTS, INC., a Delaware Corporation, and the name of said corporation was changed to BOWEN TRANSPORTS, INC. OF ILLINOIS, a Delaware Corporation on March 3, 1970.

b. That CUSHMAN TRANSPORTS, INC., an Illinois Corporation, was purchased by H. G. BOWEN sometime prior to March 3, 1970, and the name of said Corporation was thereafter changed to BOWEN TRANSPORTS, INC., an Illinois Corporation, on March 3, 1970.

c. That included among the purposes of the change in names of said corporation was to give CUSHMAN the benefit of any goodwill of BOWEN TRANSPORTS, INC., a Delaware Corporation.

4. That BOWEN TRANSPORTS, INC., an Illinois Corporation, and BOWEN TRANSPORTS, INC. OF ILLINOIS, a Delaware Corporation, have both been represented by an officer or officers of said corporation in interchanges with the CENTRAL NATIONAL BANK OF MATTOON and THE CHARLESTON NATIONAL BANK as BOWEN TRANSPORTS, INC. indiscriminately without distinguishing between said corporations and the assets and identities of said corporations, respectively, have been and were represented to said Banks as being assets to support various applications for loans from said corporations, respectively, without discriminating between said corporations, and BOWEN TRANSPORTS, INC., an Illinois Corporation and BOWEN TRANSPORTS, INC. OF ILLINOIS, a Delaware Corporation, were and have been so represented to said Banks to be of the same identity and the same credit responsibilities for the purposes of securing an extension of credit and the loan of money. Both Banks have relied upon said representation.

7. The assignment provided:

ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS that the undersigned, BOWEN TRANSPORTS, INC., an Illinois Corporation, pursuant to an Order of the Circuit Court of Coles County, Illinois, entered in consolidated cause No. 72–L–29 and 72–L–44, hereby assigns to Joseph F. Snyder, Circuit Clerk, Coles County, Illinois, subject to a prior Assignment to Central National Bank in Chicago of $4,347.76 of each monthly equipment rental, all of its right, title and interest in and to the balance of monies due and to become due under the contract made between the undersigned Corporation and COASTAL TANK LINES, INC., a Corporation, dated on or about the 21st day of August, 1970, until further order of the Circuit Court, Coles County, Illinois.

IN WITNESS WHEREOF, the undersigned has caused its name to be signed to these presents, pursuant to Court Order, by Paul B. Smith, Sheriff, Coles County, Illinois, this 28th day of June, 1972.

BOWEN TRANSPORTS, INC., an Illinois Corporation

By

[s] Paul B. Smith

Paul B. Smith, Sheriff

Coles County, Illinois.

*Stoner,* 114 Ill.App.2d 216, 224–5, 252 N.E.2d 488, 493 (2d Dist. 1969).

In the present case the Bank contends that the state judge in the supplementary proceeding created a lien on behalf of the Bank against the proceeds of the Coastal installment contract owed to the Illinois corporation to satisfy the debt created by the Delaware corporation. However, the judgment on the eight notes executed by the Delaware corporation runs only against the Delaware corporation. In effect, the Bank is asserting that the state court in the supplementary proceeding modified the judgment against the Delaware corporation to permit satisfaction from the Illinois corporation's assets. Section 73 does not, however, give a judge the power to alter a judgment presented to him. See *Strojny v. Egeland,* 132 Ill.App.2d 779, 270 N.E.2d 231 (1st Dist. 1971).

■ In addition, this court cannot find any evidence indicating that a lien was in fact created. The state judge neither used the term "lien" nor allocated proceeds from the Coastal installment contract. At most, the order entered by the state judge preserved assets pending further determination.

For the foregoing reasons, we do not believe that the referee was obligated by the principles of res judicata to allow the Bank to satisfy its judgment against the Delaware corporation through recovery against assets of the Illinois corporation.

## 2. Maker of the July 20, 1971, note.

■ Both the referee and the district court concluded that the Illinois corporation was not the maker of the eight notes which are the basis for the state judgment against the Delaware corporation.

The Bank now argues that the July 20, 1971, note was executed by the Illinois corporation. Neither the points raised by the Bank in its brief nor an examination of the note convinces us that the Illinois corporation signed this note. This is especially so in light of the amendment of the complaint by the Bank in state court which caused an amended judgment to be entered against the Illinois corporation on the September 17, 1971, note alone, rather than on all nine notes. This amendment must have been undertaken by the Bank in recognition of the fact that with the exception of the September 17 note, the other eight notes had been signed by the Delaware corporation.

## 3. Piercing the corporate veil.

The Bank asserts that justice requires the court to pierce the corporate veil separating the Illinois and Delaware corporations and find that the assets and liabilities of one are the assets and liabilities of the other. Some of the factors upon which the Bank relies in support of its position are: 1) common officers and directors were in charge of both corporations; 2) the same individuals owned stock in both corporations; 3) the corporate names were used interchangeably; 4) funds were used indiscriminately by the corporations; and 5) consolidated tax returns were filed by the corporations.

The Illinois corporation first argues in response that the doctrine of piercing the corporate veil should not be applied since application of that doctrine is limited to corporations which have a parent-subsidiary relationship. That relationship is not present between the Delaware corporation and the Illinois corporation. Even if the court held that the doctrine can apply absent a parent-subsidiary relationship, the Illinois corporation asserts that additional prerequisites for piercing the corporate veil have not been satisfied.

The referee rejected the Bank's assertion that piercing the corporate veil was proper. The referee ruled:

20. The two corporations, Bowen Transports, Inc., an Illinois corporation, and Bowen Transports, Inc., of Illinois, a Delaware corporation, were two separate and distinct entities and although the names cause confusion, the doctrine of "piercing the corporate veil" does not apply.

The district court affirmed the referee's ruling.

■ The fiction of corporate entity will be disregarded when required in the interest of justice. *Kavanaugh v. Ford Motor Company*, 353 F.2d 710 (7th Cir. 1965); *Allied Chemical Corporation v. Randall*, 321 F.2d 320 (7th Cir. 1963). The doctrine of piercing the corporate veil as articulated by this court in *Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 160 (7th Cir. 1963), requires proof of three elements:

. . . control by the parent to such a degree that the subsidiary has become its mere instrumentality; fraud or wrong by the parent through its subsidiary, e.g., torts, violation of a statute or stripping the subsidiary of its assets; and unjust loss or injury to the claimant, such as insolvency of the subsidiary.

See also, *Allegheny Airlines, Inc. v. United States*, 504 F.2d 104, 112 (7th Cir. 1974), *cert. denied*, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 470; *Bernardin, Inc. v. Midland Oil Corporation*, 520 F.2d 771, 774 (7th Cir. 1975).

■ We do not believe that the equitable doctrine of piercing the corporate veil is limited to the parent-subsidiary relationship. The separate corporateness of affiliated corporations owned by the same parent may be equally disregarded under the proper circumstances. See Liability of a Parent or Affiliate, 71 Harv.L.Rev. 1122, 1131 (1958): Henn, Law of Corporations § 148 (2d ed. 1970).

We do not believe, however, that the elements set forth in *Roscoe Turner* are met in the present case.

■ First, although stock control and common directors and officers are generally prerequisites for application of the doctrine permitting the corporate veil to be pierced, that is not by itself sufficient to bring the doctrine into operation. *Roscoe Turner*, 324 F.2d at 161. "Actual domination, rather than the opportunity to exercise control, must be shown." *Williams v. McAllister Bros., Inc.*, 534 F.2d 19 (2d Cir. 1976). Thus, although the Delaware corporation was owned by Bowen Investment Corporation and the Illinois corporation was being purchased by the Bowen Investment Corporation, this fact by itself does not justify piercing the corporate veil. Similarly, although officers and directors in Bowen Investment Corporation, the Illinois corporation and the Delaware corporation were identical, this would not justify application of the doctrine.

We cannot say that the referee's findings of fact that the corporations acted as separate and independent entities is clearly erroneous. Charles Hayes, who supervised the bookkeeping for both the Illinois and Delaware corporations, stated that separate corporate records were maintained. Hayes also testified that financial transactions between the corporations were recorded in the respective corporate ledgers. Hayes further stated that the proceeds of the loans to the Delaware corporation which are here in issue were used by the Delaware corporation to purchase new rolling stock and motor vehicle equipment. Hayes testified that the Illinois corporation did not receive any proceeds from these loans.

In addition, we do not believe that evidence introduced in the bankruptcy proceeding demonstrates that corporate funds were intermingled or used indiscriminately. Neither do we believe that the evidence demonstrates that the Delaware corporation's assets were stripped in order to benefit the Illinois corporation.[8]

In light of the foregoing, we believe that the referee and the district court properly refused to pierce the corporate veil.

---

8. As indicated in n.2, *supra*, the Delaware corporation loaned money to the Illinois corporation. The Illinois corporation's debt was offset in part through rental of equipment to the Delaware corporation. Nothing in the evidence indicates that the Illinois corporation improperly took financial advantage of the Delaware corporation or in any manner stripped the Delaware corporation of its assets. In fact, Mr. Hayes testified that H. G. Bowen told him at one point that since the Delaware corporation was using equipment owned by the Illinois corporation, this "should be on the ledger."

3. Exclusion of the transcript of testimony from citation proceedings.

█ The Bank asserts that the referee committed error in excluding a transcript of the state court supplementary proceedings from evidence. The Bank, however, failed to raise this asserted error on appeal before the district judge. This claim cannot be urged on appeal since it was not presented in the district court. *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Cannon v. U.S. Acoustics Corp.*, 532 F.2d 1118 (7th Cir. 1976); 2A Collier on Bankruptcy ¶ 25.30, 1020–1 (14th ed. 1974).

█ The Bank further argues that it was precluded from raising this point before the district court because the lower court failed to grant its request for argument. This assertion does not, however, convince this court that we should resolve matters not passed upon below. First, the district court was not required to grant oral argument in considering an appeal from the referee's ruling. 13 Collier on Bankruptcy ¶ 809.03 (14th ed. 1974). In addition, the Bank's Petition for Review of Referee's Order filed with the district court does not raise as a ground for appeal the exclusion of the state supplementary proceedings transcript.

4. Findings of fact.

We cannot say based upon our examination of the record that the findings of fact made by the referee and approved by the district judge are clearly erroneous.

## CONCLUSION

For the foregoing reasons we hereby affirm the decision of the lower court.

AFFIRMED.