PAULA L. DUTTON, a/k/a Paula L. Endicott, Plaintiff-Appellant, *v.* PAUL E. DUTTON, Defendant-Appellee.

Third District   No. 77-458

Opinion filed May 23, 1978.—Rehearing denied June 22, 1978.

James R. Standard, of Standard & Tenold, of Monmouth, for appellant.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Paula L. Dutton appeals from an order of the Circuit Court of Rock Island County which denied her petition to vacate an order entered on April 30, 1969, which found that child-support payments (ordered paid in a prior decree) were current as of April 30, 1969, the date of the entry of the prior order. The order appealed from was entered on July 22, 1977.

The record discloses that a decree of divorce as between the parties in the instant action was entered by the Rock Island County Circuit Court on December 22, 1966. That divorce decree awarded custody of the three children of the parties to plaintiff Paula, subject to visitation rights by defendant, and ordered the defendant to pay child support in the amount of $50 per week.

On November 22, 1968, defendant Paul E. Dutton filed a petition for modification of the divorce decree and in such petition alleged that plaintiff had deprived defendant Paul E. Dutton of his visitation rights to the three children by removing the children from the State of Illinois in June of 1968. The petition filed by defendant prayed that plaintiff be ordered to return the children to Illinois; that support payments be stopped until the children were returned to Illinois; and for such other and further relief as the court might deem proper.

Notice of the date of the hearing on the petition, and a copy of the petition, was sent to plaintiff Paula at her address in Crete, Nebraska. A letter mailed to the court by plaintiff Paula and filed in this cause on November 22, 1968, verified that plaintiff did in fact receive notice of the hearing. No hearing was held on defendant's petition on November 22, 1968, the original date which had been set for the hearing.

On April 21, 1969, defendant Paul E. Dutton again filed notice of hearing (with proof of service) on his petition for modification of the decree. The plaintiff made no appearance on April 30, 1969, the date which had been set for hearing on defendant's motion. On that date, April 30, 1969, the trial court entered an order finding that plaintiff had removed the three children from the jurisdiction of the court without permission of the court and, thus, refused to permit the exercise of Dutton's visitation rights with the minor children of the parties; that child support payments due from defendant to plaintiff were current as of the date of the order. The court also ordered that no additional child support payments should be required of defendant until further order of the trial court.

Nearly seven years later, on April 14, 1976, plaintiff Paula filed a petition requesting that the court order defendant to pay child support to plaintiff and to make provision for the children's hospital and medical expenses.

The petition further alleged that at the time the April 30, 1969, order was entered, defendant was in arrears in the amount of child support payments, and the petition requested that the court enter judgment in favor of plaintiff Paula in that amount. Following a hearing on the petition, the trial court entered an order providing for payment of child support and medical expenses to the plaintiff, but refused to allow plaintiff's request for judgment for the child support arrearages of $2,175. The court allowed plaintiff additional time to present evidence as to the validity of the April 30, 1969, order.

On June 3, 1976, plaintiff filed a petition to vacate and set aside the order of April 30, 1969. Hearing was held on that petition on April 29, 1977. It appeared that, in fact, on April 30, 1969, there was an arrearage in child support payments in the amount of $2,175. On July 8, 1977, the trial court filed an opinion finding specifically that on April 30, 1969, the trial court had jurisdiction of the parties and the subject matter of this cause; that the finding in the order that defendant was current in his child support payments was factually incorrect, and that the trial court on April 30, 1969, may have believed, incorrectly, that it had the right to terminate child support payments from the date plaintiff removed the children from the jurisdiction of the court. The court, however, concluded in its opinion, that there was no justification for an almost seven-year delay by plaintiff before attacking the 1969 judgment, and the court accordingly entered an order on July 22, 1977, denying the petition to vacate the 1969 judgment.

■■■ On appeal in this court, plaintiff Paula argues that it was error for the trial court to refuse to vacate the order of April 30, 1969, in view of the fact that the defendant was actually in arrears as to support payments as indicated. Plaintiff argues that the right to recover past-due child support payments is a vested right that may not be reduced or eliminated by the courts. We agree that this principle would have applied had plaintiff raised the issue in timely fashion. (*Lewis v. Lewis* (5th Dist. 1977), 48 Ill. App. 3d 281, 363 N.E.2d 106.) As stated, however, by the Illinois Supreme Court in *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294:

> "A trial court cannot review its own order or judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the expiration of thirty days."

(Accord, Ill. Rev. Stat. 1977, ch. 110, par. 68.3; *In re Estate of Ireland* (2d Dist. 1971), 132 Ill. App. 2d 157, 267 N.E.2d 681.) Basically, therefore, the court would have no jurisdiction to vacate the order more than seven years after the entry of the order sought to be vacated.

Construing plaintiff's petition, as we may properly do, as seeking relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par.

72; *Wright v. Thompson* (1st Dist. 1977), 50 Ill. App. 3d 149, 365 N.E.2d 556), the petition was also properly denied because it was not timely filed. Under the provisions of section 72 (Ill. Rev. Stat. 1977, ch. 110, par. 72), it is stated in part:

> "(1) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. * * * All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered.
>
> * * *
>
> (3) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.
>
> * * *
>
> (6) Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief."

■■ It is clear from the language of section 72, that plaintiff was required to file her petition within two years from the date of the order. She did nothing until nearly seven years after the entry of the order. The requirement of filing within the two-year period has been determined to be basically required with respect to the section 72 petition. (*People ex. rel. Covington v. Johnson* (1st Dist. 1967), 79 Ill. App. 2d 266, 224 N.E.2d 664; *Larsen v. Lejcar* (1st Dist. 1971), 1 Ill. App. 3d 1079, 275 N.E.2d 714.) It is apparent, therefore, that the matters asserted now by plaintiff were not timely asserted due to either plaintiff's lack of diligence or by choice of plaintiff (*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518.) There was also no evidence of fraud in the record in this cause which would justify vacation of the 1969 order by a petition filed in 1977.

The judgment was entered in the trial court by a court which had the power to enter the judgment and had jurisdiction of the parties and the subject matter. Plaintiff had ample time to take action to challenge any portion of the judgment entered but failed to do so in a timely manner. The interest of finality and stability of judgments requires that litigants be reasonably diligent in assertion of their rights. The trial court took note of this factor in determining there was no justification for plaintiff delaying nearly seven years before attacking the validity of the order. The judgment of the trial court was, therefore, proper.

The judgment of the Circuit Court of Rock Island County is, therefore, affirmed.

Affirmed.

BARRY, P. J., and STENGEL, J., concur.